**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**JONATHAN C. WILLIAMS, et al.,**                                      **Plaintiffs**

**v.**                                                                           Case No. 3:13-cv-1166-DJH-CHL

**PBI BANK, et al.,**                                                              **Defendants**

<u>Report and Recommendation</u>
<u>to Sanction the Plaintiffs</u>

Introduction

The Plaintiffs are Jonathan C. Williams and the Sexton Plaintiffs. The Sexton Plaintiffs are Daniel E. Sexton, individually, and the Sexton Entities, to wit: Mobile Home Sales of Central Kentucky, LLC; Fayette Aviation, Inc.; Star Lite Development, LLC; 3660 Realty, LLC; Food Service of Lexington, Inc.; and Georgetown Mobile Estates, LLC.

The Court referred this matter to the undersigned to resolve all litigation planning issues. (DN 54.) Under this referral, the undersigned has conducted hearings and status conferences. Recently, the Court expanded the referral in this case for findings of fact, conclusions of law, and recommendations for disposition on dispositive motions. (DN 126.)

In short, all of the Plaintiffs have consistently violated—and continue to violate—court orders. The Court has warned the Plaintiffs of the potential consequences of their behavior. In spite of these warnings, the Plaintiffs continue to flout the Court's orders. Now, their egregious conduct must be sanctioned.

For the reasons below, the undersigned **recommends** that the Court **SANCTION** all of the Plaintiffs. The undersigned **recommends** that the Court **DISMISS** their claims **with prejudice, STRIKE** their answers, and **RENDER DEFAULT JUDGMENT** on the counterclaims asserted against them.

1

**Findings of fact**

For clarity, the Court cites to the document number and corresponding Page ID# unless a paragraph number is available.

I. **The litigation begins.**

A. **Plaintiffs' complaint**

On November 26, 2013, the Plaintiffs filed this lawsuit. (DN 1.) The Plaintiffs' remaining claims are against PBI Bank, Inc. ("PBI Bank"); Mark Delcotto; Wayne Stefanovich; Maria Bouvette; and DES Realty, LLC (together, the "Remaining Defendants"). (*See* DN 31 at 382.) In general, the Plaintiffs allege that the Remaining Defendants violated state and federal law in their banking practices. (*See* DN 1 at ¶¶ 38 – 62.)

B. **PBI's counterclaim**

PBI Bank filed an answer, counterclaim, and third-party complaint. (DN 6.)[1] The counterclaim names Williams, Sexton, Mobile Home Sales of Central Kentucky, LLC, Star Lite Development, LLC, and Fayette Aviation as defendants. (*Id.* at 44.) PBI Bank seeks a judgment against them jointly and severally for $3,807,674.05 in principal, plus interest and late charges. (*Id.* at 76.)

C. **Korossy's counterclaim and cross-claims and Rule 16 conference**

Third-party defendant Andrei Korossy counterclaimed against PBI Bank. (DN 27 at 336 – 38.) Korossy also cross-claimed against "all other parties" who might have an interest in the real property and specifically named Sexton and Williams individually in his suit against them.

---

[1] PBI Bank's third-party complaint names the following parties as defendants: Mitch Taylor; Sarah Taylor; AES Realty, LLC; FTS Realty, LLC ("FTS Realty"); Andrei Korossy; Rosenbaum & Rosenbaum, PSC; American Tax Funding, LLC; DES Realty, LLC ("DES Realty"); and Jamos Fund I, LP. PBI Bank named DES Realty as a third-party defendant because DES Realty may claim an interest in the real property at issue. (*See* DN 6 at 44.) However, PBI Bank's claim against DES Realty may be properly considered a cross-claim.

(*Id.* at 336 – 37.) On October 2, 2014, Sexton and Williams answered Korossy's cross-claim. (DN 35.)

On November 7, 2014, the Court held a Rule 16 conference. (DN 43.) The Court adopted the parties' proposed schedule and set August 30, 2015 as the fact discovery deadline. (*Id.*)

## II. Multiple withdrawals cause significant delay.

### A. The Plaintiffs' first attorneys withdraw

The Plaintiffs' first attorneys, Nancy Schook and Lawrence Zielke, moved to withdraw. (DN 59.) The Court granted the motion to withdraw on June 5, 2015. (DN 60.) The Court found good cause for their withdrawal because "Sexton notified the law firm, both in writing and by a subsequent telephone call, that Sexton was terminating its representation of him in this case." (*Id.* at 484.) The Court's order said,

> IT IS FURTHER ORDERED that Plaintiff shall have until **June 24, 2015** to retain new counsel. If Plaintiffs retain new counsel prior to June 24, 2015, such new counsel shall enter an appearance in this case as soon as practicable. The Court will set a date for a follow-up telephonic status conference by subsequent order.
>
> IT IS FURTHER ORDERED that this action is STAYED until the earlier of (1) **June 24, 2015**; or (2) entry of appearance by Plaintiffs' new counsel.

(*Id.* at 485.)

No attorney entered an appearance on behalf of the Plaintiffs. (DN 62 at 490.) On July 10, 2015, the Court said,

> As of the date of the instant Order, no attorney has entered an appearance on behalf of any of the Plaintiffs. Plaintiffs are reminded that while the individual Plaintiffs, Jonathan Williams and Daniel Sexton, may represent themselves in this action, the remaining Plaintiffs, as corporate entities, *may not* appear *pro se*. *See Gerber v. Riordan*, 649 F.3d 514, 516 (6th Cir. 2011) (quoting *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 166 n.1 (D.C. Cir. 1990) ("[A] corporation … [may] not appear *pro se*.")).

3

> *The Court finds that Plaintiffs have violated the Court's order of June 5, 2015 by failing to retain new counsel.* Further, the Court is concerned about Plaintiffs' failure to notify the Court as to how they may be reached following the withdrawal of their former attorneys. *The Court takes this opportunity to caution Plaintiffs that failure to prosecute will result in dismissal of their claims.*

(*Id.*) (emphasis added). The Court issued a show cause order:

> IT IS FURTHER ORDERED than no later than **July 24, 2015**, Plaintiffs' new counsel shall enter an appearance in this action (and, if the individual Plaintiffs intend to represent themselves, they shall file a notice stating the same), OR Plaintiffs shall SHOW CAUSE as to why their claims in this action should not be dismissed for failure to prosecute.
>
> Finally, IT IS FURTHER ORDERED that the stay imposed by Order of June 5, 2015 shall RESUME AND REMAIN IN EFFECT pending further Order of the Court.

(*Id.* at 490 – 91.)

On July 24, 2015, Williams entered an appearance indicating his intent to proceed *pro se*. (DN 65.) Sexton moved for an extension of time until September 1, 2015 to obtain counsel for himself and the Sexton Entities. (DN 67.) PBI Bank objected to that request because "Plaintiffs have not cited a single justifiable reason as to why they need another month to seek new counsel. Consequently, it is PBI's position that the Plaintiffs['] numerous failures to comply with this Court's orders cannot be ignored and that such continuous extensions of time cannot continue into perpetuity." (DN 68 at 508.)

On August 18, 2015, the Court conducted a telephonic status conference. (DN 71.) Williams and Sexton appeared *pro se*. (*Id.* at 514.) No attorney appeared on behalf of the Sexton Entities. (*Id.*) Sexton told the Court that he has an interest in or is otherwise affiliated with the Sexton Entities. (*Id.*) Sexton also said he "understands the legal requirement that corporate entities be represented by counsel." (*Id.*)

Over PBI Bank's objection, the Court granted Sexton's motion for an extension. (DN 71 at 2.) The Court gave Sexton until September 18, 2015 to obtain counsel for the Sexton Entities.

4

(*Id.* at 3.) The Court scheduled a follow-up telephonic status conference on September 29, 2015. (*Id.*) The Court ordered, "ALL PARTIES shall participate in the conference." (*Id.*)

Attorney Michael W. McClain entered an appearance for the Sexton Plaintiffs. (DNs 74 & 76.)[2] On September 29, 2015, the Court conducted a telephonic status conference. (DN 75.) Williams did not participate. (*Id.* at 522.) The Court lifted the stay and set new scheduling deadlines. (*Id.*) (setting April 1, 2015 as the new fact discovery deadline).

On January 4, 2016, the Court conducted a telephonic status conference regarding a discovery dispute. (DN 82.) Williams did not participate. (*Id.*)

On March 17, 2016, the Court conducted a telephonic status conference. (DN 88.) Williams did not participate. (*Id.*) The Court extended deadlines again. (*Id.* at 548) (extending fact discovery deadline to July 1, 2016). The Court scheduled a telephonic status conference for June 9, 2016 and required all parties to participate. (*Id.* at 549) ("Counsel and pro se parties shall connect to the conference by dialing toll free number 1-888-808-6929 and entering access code 2773744.").

### B. The Sexton Plaintiffs' third attorney withdraws

On May 24, 2016, McClain moved to withdraw as the Sexton Plaintiffs' attorney. (DN 89.) The Court denied that motion without prejudice. (DN 91.) On May 27, 2016, McClain moved again to withdraw as the Sexton Plaintiffs' attorney. (DN 94.)

On June 9, 2016, the Court held a telephonic status conference. (DN 95.) None of the Plaintiffs participated. (*Id.* at 565.) The Court ordered:

> The Court will conduct an in-person hearing, on the record, on June 16, 2016, at 1:00 pm. The purpose of the hearing is to address the pending motions to

---

[2] McClain also entered an appearance on behalf of DES Realty and FTS Realty. (DN 74.) The Plaintiffs named DES Realty as a defendant in the complaint, and FTS Realty is a defendant against PBI Bank's third-party complaint.

5

> withdraw, existing discovery disputes, and the progression of this action. **Counsel and at least one party representative for every party to this action must attend the hearing**. Having filed a motion to withdraw that is currently pending DOES NOT EXCUSE counsel from attending the hearing.

(*Id.* at 565 – 66.)

On June 16, 2016, the Court held a hearing. (DN 99.) McClain appeared on behalf of the Sexton Plaintiffs. (*Id.* at 607 – 08.) None of the Plaintiffs appeared. (*Id.* at 608.)

The Court granted McClain's renewed motion to withdraw. (DN 99 at 609.) The Court ordered,

> **No later than July 18, 2016**, the Sexton Plaintiffs SHALL OBTAIN NEW COUNSEL and such attorney shall enter an appearance as counsel of record in this action or, in the case of Mr. Sexton only, file a notice with the Court of his intention to proceed *pro se*. The parties are reminded that while natural persons may proceed pro se, the law does not allow entities to represent themselves and, therefore, they must be represented by counsel of record in order to participate in this action.

(*Id.*) The Court noted that the fact that many parties failed to appear in person for the hearing was "unacceptable." (*Id.* at 610.) Again, the Court extended deadlines. (*See id.* at 609) (setting October 3, 2016 as the fact discovery deadline).

### C. The Sexton Plaintiffs' fourth attorney withdraws

On July 15, 2016, attorney Kenneth J. Henry entered an appearance for the Sexton Plaintiffs. (DN 108.)[3]

On September 7, 2016, the Court held a telephonic status conference. (DN 113.) Williams did not appear. (*See id.*) On October 4, 2016, the Court extended deadlines again. (DN 116 at 666) (extending fact discovery deadline to February 28, 2017).

On December 7, 2016, the Court held a telephonic status conference. (DN 117.) Williams did not appear. (*Id.* at 668.) The Court found that Williams "violated the Court's June

---

[3] Like McClain before him, Henry entered appearance on behalf of defendant DES Realty and third-party defendant FES Realty.

6

23, 2016 order by failing to participate in the telephonic status conference on December 7, 2016." (*Id.*) The Court reiterated its previous finding that "Williams violated an order by failing to appear at the June 16, 2016 hearing." (*Id.*) Also at the conference, attorney Henry moved to withdraw. (*Id.* at 669.) The Court granted the motion to withdraw. (*Id.*)

Henry requested that the Sexton Plaintiffs be allowed sixty days in which to hire new counsel. (*Id.*) "The defendants vigorously objected to this request, arguing that it would cause further delay." (*Id.*) The Court noted that the "Sexton Plaintiffs have had four attorneys from three law firms represent them in this matter. These substitutions have impeded progress." (*Id.*) The Court agreed "with the Defendants that granting the Sexton Plaintiffs sixty days to hire new counsel would [] cause further delay." (*Id.*) (brackets added). The Court denied the Sexton Plaintiffs' request for sixty days to hire new counsel. (*Id.*)

> The Court went on:
>
> Accordingly, the Court **ORDERS** the Sexton Plaintiffs to have counsel enter an appearance on their behalf **on or before December 23, 2016**. The Court reminds the Sexton [Plaintiffs] for the final time that corporate entities cannot represent themselves. To be clear, the Sexton Plaintiffs will again be in violation of this Court's order if an attorney does not enter an appearance on their behalf on or before December 23, 2016.

(*Id.* at 670 – 71) (brackets added). The Court ended its order with this notice:

> IV. <u>Notice</u>
>
> The Court cautions all of the Plaintiffs one last time. All of the Plaintiffs have violated court orders in this case already. The Court's patience has worn beyond thin.
> The Court may sanction a party for failing to appear at a scheduling or pretrial conference. Fed. R. Civ. P. 16(f)(1)(A). The Court may also sanction a party for failing to obey a pretrial order. Fed. R. Civ. P. 16(f)(1)(C). *Potential sanctions can include striking pleadings or dismissing an action in whole or in part*. Fed. R. Civ. P. 16(f)(1) (cross-referencing available sanctions under Fed. R. Civ. P. 37(b)(2)(A)(ii) – (vii)).
> Further, "[i]f the plaintiffs fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

> Fed. R. Civ. P. 41(b). Finally, "It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 – 30 (1962) & *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)).

(*Id.* at 671.)

The Clerk of Court sent a copy of the December 14 order to the Plaintiffs' addresses. With the exception of the copy sent to Georgetown Mobile Estates, LLC, the correspondence sent to all of the Plaintiffs was returned as undeliverable. (*See* DNs 118 – 21 & 123 – 25.)

### D. Sexton's December 23, 2016 letter

The Court's December 23, 2016 deadline came and went. No attorney entered an appearance on behalf of the Sexton Plaintiffs by midnight on that date. On December 23, 2016, Sexton wrote the following letter to the Court:

> Today was your deadline for me to get replacement counsel. I didn't realize that [t]he federal courthouse would be closed today. I want you to know that I do have replacement counsel to represent me and all of my companies in this case. His name is Richard Rawdon [of] Georgetown[,] Kentucky. It has been difficult for me to [hire] replacement counsel because of the holiday season. I just got Mr. Rawdon['s] [n]otification that he will represent me a few hours ago. I'm driving to Louisville now to deliver this letter to your federal mailbox in front of the courthouse. Mr. Rawdon is doing a conflict check and will contact your Court on Tuesday.

(DN 122 at 677) (brackets added).

Rawdon did not contact the court on Tuesday, December 27, 2016 nor has he made contact with the Court since that date. To date, no attorney has entered an appearance on behalf of the Sexton Entities.

## Conclusions of Law

### I. Legal standards

### A. Sanctions for disobeying a court order or failing to appear at a scheduling or pretrial conference

8

On motion or on its own, the Court may sanction a party for failing to obey a pretrial order or failing to appear at a pretrial conference. Fed. R. Civ. P. 16(f)(1)(A) & (C). Potential sanctions for failing to obey an order or failing to appear at a pretrial conference include:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence,
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any pretrial order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 16(f)(1) (cross-referencing available sanctions under Fed. R. Civ. P. 37(b)(2)(A)(ii) – (vii)). Further,

> **Imposing Fees and Costs**. Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f)(2).

One example of a district court's authority to impose Rule 16 sanctions involves settlement conferences. A district court does not abuse its authority in ordering a corporate representative to attend a settlement conference in person. *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 655 (7th Cir. 1989) (en banc). Then, if the appropriate person does not attend, a district court does not abuse its discretion in sanctioning a party for not attending. *Id.* at 655 – 56.

In addition to Rule 16 sanctions, the Court has the inherent power to assess attorney fees as a sanction for "willful disobedience of a court order." *Chambers v. NASCO, Inc.*, 501 U.S.

9

32, 45 (1991); *see also*, *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S.Ct. 1749, 1758 (2014); *Brown v. City of Upper Arlington*, 637 F.3d 668, 671 (6th Cir. 2011). It is within the Court's discretion to sanction a party for willful disobedience of a court order. *Bergman v. United States*, 844 F.2d 353, 357 (6th Cir. 1988).

The sanction of default is particularly harsh. *United Coin Meter Co. v. Seaboard Coastline RR.*, 705 F.2d 839, 846 (6th Cir. 1983). The Court should not impose such a harsh sanction lightly. *Brown v. Sneed*, 2011 WL 3567469 (E.D. Ky. 2011); *Rishell v. Standard Life Ins. Co.*, 2009 WL 395884 (W.D. Mich. 2009).

**B. Dismissal for failure to prosecute**

"It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 – 30 (1962) & *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)).

Under *Link*, a district court may dismiss a lawsuit for failure to prosecute *sua sponte*. *Link*, 370 U.S. at 630. "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.*

Whether to dismiss an action for failure to prosecute is within the Court's discretion. *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). The Court should consider four factors: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic

10

sanctions were imposed or considered before dismissal of the action." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001).

The Court must provide notice that it intends to dismiss a lawsuit for failure to prosecute. *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988). In the absence of notice, the court "should impose a penalty short of dismissal unless the derelict party has engaged in 'bad faith or contumacious conduct.'" *Harris v. Callwood*, 844 F.2d at 1256.

### C. *Pro se* litigants

Federal courts generally afford *pro se* litigants some leniency on matters that require legal sophistication. *Thomas v. Liles*, 2016 WL 4940343 (W.D. Ky. Sept. 14, 2016) (dismissing *pro se* complaint for failure to comply with a court order); *Santiago v. Crews*, 2010 WL 2960741 (W.D. Ky. 2010) (dismissing *pro se* complaint for failing to use Court's pre-approved form).

The Court's leniency has its limits. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). *Pro se* plaintiffs must comply with court orders and deadlines. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). A *pro se* plaintiff's failure to comply with court deadlines can lead to dismissal of the complaint. *Id.* *Pro se* litigants "must provide written notice of a change of address to the clerk and to the opposing party or the opposing party's counsel." LR 5.2(d). "Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions." *Id.*

### D. Conclusions of law as to Plaintiff Williams

The Court finds that Williams failed to appear at the following pretrial conferences:

- September 29, 2015 telephonic status conference (DN 75);
- January 4, 2016 telephonic status conference (DN 82);
- March 17, 2016 telephonic status conference (DN 88);

11

- o June 9, 2016 telephonic status conference (DN 95);

- o June 16, 2016 hearing (DN 99);

- o September 7, 2016 telephonic status conference (DN 113); and

- o December 7, 2016 telephonic status conference (DN 117).

The Court also finds that Williams failed to obey the following pretrial orders:

- o The Court's June 9, 2016 order required Williams to appear in person at the June 16, 2016 hearing. (DN 95.) Williams did not appear. (DN 99.)

- o The Court's June 23, 2016 order required all parties to participate in all court proceedings. (DN 99.) Williams did not appear at the September 7, 2016 and December 7, 2016 telephonic status conferences. (DNs 113 & 117.)

First, Williams's failure to appear at seven pretrial conferences and failure to obey two pretrial orders warrant sanctions against him. *See* Fed. R. Civ. P. 16(f)(1)(A) & (C). Second, these violations justify dismissing Williams's claims, striking his answers, and rendering default judgment on the claims asserted against him. *See* Fed. R. Civ. P. 37(iii), (v), (vi). Third, these violations, coupled with Williams's non-participation in this matter, warrant *sua sponte* dismissal of Williams's claims for failure to prosecute. *See Link*, 370 U.S. at 630. Having concluded that Williams's violations and non-participation warrant dismissing his claims, striking his answers, and rendering default judgment, the undersigned need not discuss whether the sanctions are appropriate under the Court's inherent authority. Fourth, Williams was on notice of the potential for sanctions, including potential dismissal and rendering of default judgment, because the Court warned Williams of the potential for sanctions for violating court orders. (DN 117 at 671.) Fifth, Williams was on notice of the potential for dismissal of his claims for failure to prosecute because the Court warned Williams of the potential for dismissal for failure to prosecute. (DN 62 at 490; DN 117 at 671.)

12

The undersigned does not recommend this harsh sanction lightly. The undersigned considered the other sanctions available for Rule 16 violations: prohibiting Williams from supporting or opposing designated claims or defenses; staying further proceedings until Williams obeys the Court's orders; or treating Williams's failure to obey as contempt of court. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii) – (vii). In particular, staying the matter until Williams decides to participate would further waste the Court's time, cause additional prejudice to the Remaining Defendants, and would likely be in vain. The rest of the potential Rule 16 sanctions would be appropriate only for litigants actively participating in litigation.

The undersigned considered the four factors the Court should consider before dismissing an action for failure to prosecute. *See Mulbah*, 261 F.3d at 589. Williams's failure to prosecute is due to his willful disregard of the Court's orders and his obligations as a litigant. The Remaining Defendants have endured severe prejudice due to the year and half delay since Williams last participated, and attorney time spent in fighting against that delay. The Court warned Williams twice that failure to prosecute his claims could lead to dismissal. (DN 62 at 490; DN 117 at 671.) Finally, the Court considered less drastic sanctions, such as a monetary sanction. Given that Williams has not updated his address, in violation of Local Rule 5.2(d), and further given Williams's failure to meaningfully participate in the litigation, imposing a monetary or similar sanction would likely be futile.

Altogether, the undersigned recommends this harsh sanction—dismissing Williams's claims, striking his answers, and rendering default judgment on the claims asserted against him—because Williams has left the Court with no realistic option. The last time Williams did anything in this lawsuit was on August 18, 2015 when he appeared *pro se* in a telephonic status conference. That was over a year and a half ago. Since then, he has failed to appear at six

telephonic status conferences and a hearing. He has disobeyed two court orders which require him to participate in this litigation. Mail sent to him has been returned as undeliverable. (DN 121.) For all practical purposes, Williams has abandoned his claims and his defenses.

If this recommendation is adopted, awarding the Remaining Defendants their reasonable expenses and attorney's fees incurred as a result of Williams's noncompliance would be unjust. *See* Fed. R. Civ. P. 16(f)(2).

Parties cannot abandon their obligations to the Court. They cannot decide to ignore lawsuits they have brought. Nor can they ignore lawsuits brought against them. Accordingly, the undersigned recommends that the Court dismiss Williams's claims, strike his answers, and render default judgment on the claims asserted against him.

### E. Conclusions of law as to the Sexton Plaintiffs

The Court finds that the Sexton Plaintiffs failed to appear at the following pretrial conference:

- June 16, 2016 hearing (DN 99).

The Court also finds that the Sexton Plaintiffs failed to obey the following pretrial orders:

- The Court's June 5, 2015 order required the Sexton Entities to obtain counsel. (DN 60.) The Sexton Entities did not obtain counsel by the Court's deadline, as the law requires. (DN 62 at 490.)
- The Court's December 14, 2016 order required the Sexton Plaintiffs "to have counsel enter an appearance on their behalf **on or before December 23, 2016**." (DN 117 at 670.) To date, the Sexton Plaintiffs remain in violation of the Court's December 14, 2016 order because no attorney has entered an appearance on their behalf.

First, the Sexton Plaintiffs' failure to appear at the hearing and their failure to obey two court orders warrants sanctions against them. Second, these violations justify dismissing all of the Sexton Plaintiffs' claims, striking their answers, and rendering default judgment on the claims asserted against them. Having concluded that these sanctions are warranted, the

14

undersigned need not discuss whether sanctions are also appropriate under the Court's inherent authority. Third, the Sexton Plaintiffs were on notice of the potential for sanctions, including potential dismissal and rendering of default judgment, because the Court warned the Sexton Plaintiffs of the potential for sanctions for violating court orders and failing to appear at pretrial conferences. (DN 117 at 671.)

Again, the undersigned does not recommend this harsh sanction lightly. The undersigned considered the other sanctions available for Rule 16 violations: prohibiting the Sexton Plaintiffs from supporting or opposing designated claims or defenses; staying further proceedings until the Sexton Plaintiffs obey the Court's orders; or treating the Sexton Plaintiffs' failure to obey as contempt of court. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii) – (vii).

In particular, the Court has already tried staying the matter in an attempt to give the Sexton Entities the opportunity to obtain counsel. (*See* DN 60.) Over a year and a half ago, PBI Bank said, "Consequently, it is PBI's position that the Plaintiffs['] numerous failures to comply with this Court's orders cannot be ignored and that such continuous extensions of time cannot continue into perpetuity." (DN 68 at 508.) Staying the matter any longer at this point would cause severe prejudice to the Remaining Defendants, especially PBI Bank. Like Williams, the other potential Rule 16 sanctions would be inappropriate for the Sexton Plaintiffs because they have stopped actively participating in this litigation.

Sexton did ask the Court for additional time to find counsel for the Sexton Entities. He filed that letter on December 23, 2016, the day of the Court's deadline for counsel to enter an appearance on behalf of the Sexton Entities. (DN 122.) In spite of his indication that he had found counsel and that counsel would contact the Court on December 27, 2016, still no attorney has entered an appearance on behalf of the Sexton Entities.

Over a year and a half ago, the Court told Daniel Sexton that he could represent himself as an individual, but the Sexton Entities could not represent themselves. (DN 62 at 490) (citing *Gerber v. Riordan*, 649 F.3d 514, 516 (6th Cir. 2011)). The Court has repeated that order several times since then. (*See* DN 71 at 514; DN 99 at 609; DN 117 at 670 – 71.) That order was not advice regarding the risks of *pro se* representation. It was not a mere suggestion that Sexton should hire counsel for the Sexton Entities. The Court's order that the Sexton Entities obtain representation simply reiterated what the law requires of limited liability companies.

The law prohibits limited liability companies from representing themselves. *See Gerber*, 649 F.3d at 516. This rule applies not just in the Sixth Circuit, but in Circuits around the nation. *1756 W. Lake Street LLC v. American Chartered Bank*, 787 F.3d 383, 385 (7th Cir. 2015); *Hooper-Hass v. Ziegler Holdings, LLC*, 690 F.3d 34, 39 n.3 (1st Cir. 2012); *United States v. Hagerman*, 545 F.3d 579, 581 – 82 (7th Cir. 2008); *Lattanzio v. COMTA*, 481 F.3d 37, 140 (2d Cir. 2007); *see also*, *In re Under Seal*, 749 F.3d 276, 290 n. 17 (4th Cir. 2014).

In sum, the undersigned recommends this harsh sanction—dismissing the all of the Sexton Plaintiffs' claims, striking their answers, and rendering default judgment on the claims asserted against them—because the Sexton Plaintiffs have left the Court with no other option. The law requires that the Sexton Entities have representation in order to litigate in this Court. The Sexton Entities do not have representation. Therefore, they cannot litigate in this Court.

Moreover, although Sexton could proceed *pro se* as an individual, he continues to violate the Court's December 14, 2016 order because he has not obtained counsel for the Sexton Entities. His disregard for his obligations to this Court warrants dismissal of his claims, striking his answers, and rendering default judgment on the claims against him as an individual.

If this recommendation is adopted, awarding the Defendants their reasonable expenses and attorney's fees incurred as a result of the Sexton Plaintiffs' noncompliance would be unjust. *See* Fed. R. Civ. P. 16(f)(2).

The Court's orders are not suggestions. They are not guidelines. They are orders that must be followed. Parties cannot disobey court orders without consequence. Accordingly, the undersigned recommends that the Court dismiss the Sexton Plaintiffs' claims, strike their answers, and render default judgment on the claims asserted against them.

## Recommendation

For these reasons, the Court recommends that the Court **DISMISS** all of the Plaintiffs' claims **with prejudice**, **STRIKE** their answers, and **RENDER DEFAULT JUDGMENT** on the claims asserted against them.

## Notice

Under 28 U.S.C. § 636(b)(1)(B)-(C), the undersigned Magistrate Judge files these findings and recommendations with the Court. A copy shall be electronically transmitted to all parties. 28 U.S.C. § 636(b)(1)(C). If a party objects to these findings and recommendation, that party has fourteen days to file an objection. *Id.*; Fed. R. Civ. P. 72(b)(2).

Failure to timely object to these findings and recommendations constitutes a waiver of a party's right to appeal. *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *see also, Thomas v. Arn*, 474 U.S. 140 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections. Fed. R. Civ. P. 72(b)(2).