**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**JONATHAN C. WILLIAMS, et al.,**                                                 **Plaintiffs**

**v.**                                                            **Case No. 3:13-cv-1166-DJH-CHL**

**PBI BANK, et al.,**                                                             **Defendants**

### Report and Recommendation

#### Introduction

Andre Korossy moves to dismiss.  (DN 105.)  Rosenbaum & Rosenbaum, PSC ("Rosenbaum") also moves to dismiss.  (DN 107.)  The Court referred these motions for findings of fact, conclusions of law, and recommendations.  (DN 126.)

The undersigned **recommends** that the Court **GRANT** both motions to dismiss.

#### Findings of fact

The procedural history of this lawsuit is complex.  A separate report and recommendation entered today details the complex procedural history.  Here, the Court will detail the findings of fact relevant only to the two ripe motions before the Court.  For clarity, the Court cites to the document number and corresponding Page ID#.

On November 26, 2013, the Plaintiffs[1] filed this lawsuit.  (DN 1.)  PBI Bank, Inc. ("PBI Bank"), one of the Remaining Defendants,[2] filed a third-party complaint against Andrei Korossy

---

[1] The Plaintiffs are Jonathan C. Williams and the Sexton Plaintiffs.  The Sexton Plaintiffs are Daniel E. Sexton, individually, and the Sexton Entities: Mobile Home Sales of Central Kentucky, LLC; Fayette Aviation, Inc.; Star Lite Development, LLC; 3660 Realty, LLC; Food Service of Lexington, Inc.; and Georgetown Mobile Estates, LLC.

[2] The Remaining Defendants are PBI Bank, Inc., Mark Delcotto; Wayne Stefanovich; Maria Bouvette; and DES Realty, LLC.  *See* DN 31 at 10.

and Rosenbaum.[3]  (DN 6 at 73.)  PBI Bank's counterclaim centers on a tract of real property in Lexington (the "Real Property").  (*Id.* at 46 – 49.)

PBI Bank sued Korossy because Korossy "may be claiming an interest in the Real Property by virtue of his mortgage recorded in mortgage book 6889, page 697 and is named herein as a Defendant to assert his interest or be forever barred."  (*Id.* at 73.)  Similarly, PBI Bank sued Rosenbaum because Rosenbaum "may be claiming an interest in the Real Property by virtue of its judgment lien recorded in lien book 576, page 278 and is named herein as a Defendant to assert his interest or be forever barred."  (*Id.*)

Korossy counterclaimed against PBI Bank.   (DN 27.)  Korossy cross-claimed against "all of the other parties herein claiming any right, title and/or interest in the property."  (*Id.* at 336.)  In general, Korossy alleges that he has a valid and enforceable lien which secures the indebtedness of Plaintiffs Daniel E. Sexton and Jonathan C. Williams.  (*Id.* at 338.)

Rosenbaum answered PBI Bank's third-party complaint.  (DN 26.)  Rosenbaum said that "its lien against the property has been satisfied."  (*Id.* at 332.)

In an order entered June 23, 2016, the Court ordered, "**No later than July 18, 2016**, any party that wishes to voluntarily dismiss a claim against any other party to this action SHALL FILE A MOTION TO DISMISS."  (DN 99 at ¶ 7.)

Now, Korossy's and Rosenbaum's motions to dismiss are ripe for review.

## Conclusions of law

### I.     Legal standard

Under local rule, "Failure to timely respond to a motion may be grounds for granting the motion."  LR 7.1(c).  For dispositive motions, "Failure to respond to a dispositive motion will be

---

[3] PBI Bank also brought claims against Mitch Taylor; Sarah Taylor; AES Realty, LLC; FTS Realty, LLC; American Tax Funding, LLC; DES Realty, LLC; an Jamos Fund I, LP.  DN 6.

grounds for granting the motion." *Lani v. Schiller Kessler & Gomex, PLC*, 2016 WL 4250452 *7 (W.D. Ky. Aug. 10, 2016); *Paulmann v. Hodgdon Powder Co., Inc.*, 2014 WL 4102354 *1 (W.D. Ky. 2014); *see also*, *Western Diamond LLC v. Barnes*, 2013 WL 253281 *5 (W.D. Ky. 2013) ("Failure to respond to a motion to dismiss will be grounds for granting the motion."); *Coleman v. Ferrell's Snappy Service of Hopkinsville, Inc.*, 2010 WL 5393855 *1 (W.D. Ky. 2010) (granting defendant's unopposed motion to dismiss without further explanation).

Even if the Court determines that the failure to respond warrants dismissal of a claim, the Court may consider whether the claim would survive a motion to dismiss for failure to state a claim. *See, e.g.*, *Johnson v. United States*, 2009 WL 2761739 *3 (W.D. Ky. 2009). To survive a motion to dismiss for failure to state a claim, the claim must state "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also*, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

If a defendant presents matters outside the pleadings in support of a motion to dismiss for failure to state a claim, the Court should treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d). To prevail on a motion for summary judgment, the movant must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## II. Conclusions of law as to Korossy's and Rosenbaum's motions to dismiss

Korossy's motion to dismiss says:

Andre Korossy is a third party defendant and claimant in this action solely by virtue of a debt in the amount of $20,000.00 owed by Jonathan C. Williams and Daniel E. Sexton at this time this action was filed. Since that time, the property securing the debt has been sold by the Fayette County Master Commissioner pursuant to order of sale entered by the Fayette Circuit Court, Civil Action No. 15-CI-00102. The sale of the property was confirmed by the Fayette Circuit Court on May 24, 2016. The property sold for substantially less than its expected value and Andrei [Korossy] will likely take nothing as a result of the sale, leaving

3

him with only an unsecured debt owed him by Jonathan Williams and Daniel E. Sexton. Due to the sale of the property owned by Daniel E. Sexton, Andrei Korossy no longer has an interest in this action.

(DN 105 at 640.)

Rosenbaum's motion to dismiss says that the two liens it held against the Real Property have been satisfied and released. (*Id.* at 644 – 45.) Rosenbaum asks to be dismissed from this action because it has no interest in the previously satisfied liens. (*Id.* at 645.)

No party opposed either motion to dismiss. For this reason alone, the undersigned concludes that the Court has sufficient grounds to grant both motions to dismiss. *See* LR 7.1(c).

Moreover, because no party opposed either motion to dismiss, the facts alleged in both motions stand unrebutted. The Court may treat these unrebutted facts as alleged in support of the motion to dismiss as matters outside the pleadings subject to the summary judgment standard. *See* Fed. R. Civ. P. 12(d). This report and recommendation serves as sufficient notice of the Court's intention to consider the motions ones for summary judgment. *See id.*

Specifically, Korossy says that the Real Property sold and that all he has left is an unsecured debt on the Real Property, which sold for less that he thought it would. For this reason, he asserts that he no longer has any interest in the Real Property. Similarly, Rosenbaum has said all along that its two liens have been satisfied and released, and that it has never had any interest in the Real Property.

The undersigned concludes that there is no genuine issue of material fact as to whether Korossy and Rosenbaum have any interest in the Real Property at issue. The undersigned concludes that Korossy and Rosenbaum are entitled to judgment as a matter of law.

One issue remains. Korossy's proposed order asks the Court to dismiss his claims and the claims against him with prejudice. (DN 105-1.) Rosenbaum's proposed order does not specify whether it seeks dismissal with prejudice or dismissal without prejudice. (DN 107-1.) If

4

this recommendation on the merits of the claims against Rosenbaum is adopted, a dismissal of the claims against Rosenbaum would operate as an adjudication on the merits, and dismissal with prejudice would be appropriate. *See* Fed. R. Civ. P. 41(b).

Accordingly, the undersigned recommends that the Court dismiss Korossy's claims and the claims against him, with prejudice. The undersigned recommends that the Court dismiss the claims against Rosenbaum, with prejudice.

## Recommendation

The undersigned **recommends** that the Court **GRANT** Korossy's motion to dismiss. (DN 105.) The undersigned **recommends** that the Court **DISMISS** Korossy's claims and the claims against Korossy, **with prejudice**. The undersigned **recommends** that the Court **GRANT** Rosenbaum's motion to dismiss. (DN 107.) The undersigned **recommends** that the Court **DISMISS** the claims against Rosenbaum, **with prejudice**.

## Notice

Under 28 U.S.C. § 636(b)(1)(B)-(C), the undersigned Magistrate Judge files these findings and recommendations with the Court. A copy shall be electronically transmitted to all parties. 28 U.S.C. § 636(b)(1)(C). If a party objects to these findings and recommendation, that party has fourteen days to file an objection. *Id.*; Fed. R. Civ. P. 72(b)(2).

Failure to timely object to these findings and recommendations constitutes a waiver of a party's right to appeal. *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *see also, Thomas v. Arn*, 474 U.S. 140 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections. Fed. R. Civ. P. 72(b)(2).

5