**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:13-CV-1166-DJH-CHL**

**JONATHAN C. WILLIAMS,**                                                          **Plaintiffs,**

v.

**PBI BANK, INC., et al.,**                                                                **Defendants.**

**FINDINGS OF FACT, CONCLUSIONS OF LAW,**
**AND RECOMMENDATION**

Before the Court is a Motion for Summary Judgment (DN 127) and supporting memorandum (DN 127-1) filed by defendant PBI Bank, Inc. ("PBI"). PBI also filed a supplemental memorandum (DN 129) in further support of its Motion for Summary Judgment. No response to the motion for summary judgment was filed by any party. Therefore, this matter is ripe for review.

On September 8, 2017, the Motion for Summary Judgment was referred to the undersigned Magistrate Judge for findings of fact, conclusions of law, and recommendation. For the reasons described in more detail below, the undersigned recommends that the Motion for Summary Judgment be granted in part and denied in part.

**I.**     **FINDINGS OF FACT**

This matter has a long and complicated procedural and factual history. The Court will recount only what is necessary and relevant to the disposal of the Motion for Summary Judgment.

1

A.  **Brief Factual Background**

On or about June 13, 2008, Jonathan C. Williams ("Williams"), Daniel E. Sexton ("Sexton"), Mobile Home Sales of Central Kentucky, LLC ("Mobile Home"), Star Lite Development, LLC ("Star Lite"), and Fayette Aviation, Inc. ("Fayette Aviation") executed and delivered to PBI a promissory note (the "Note") in the amount of $5,250,000.00. (DN 127-2 at 2 [Hatfield Aff.]; DN 6-1 [Promissory Note].) PBI secured payment of the loan in a variety of ways, described briefly as follows:[1]

- Mortgage 1 – delivery of a mortgage on real property located at 4705 and 4721 Iron Works Pike, Lexington, Kentucky by Sexton, individually, and as executor of the Estate of France Terrell Sexton. (DN 127-2 at 2.)

- Assignments of Rents and Leases 1 – assignment of rents and leases on real property located at 4705 and 4721 Iron Works Pike, Lexington, Kentucky by Sexton, individually, and as executor of the Estate of France Terrell Sexton. (*Id*. at 2-3.)

- Mortgage 2 – delivery of a mortgage on real property located at 1681 East Georgetown Road, Bourbon County, Kentucky by Sexton. (*Id*. at 3.)

- Assignments of Rents and Leases 2 – assignment of rents and leases on real property located at 1681 East Georgetown Road, Bourbon County, Kentucky by Sexton. (*Id*.)

- Fayette Aviation Collateral – grant of a security interest in the collateral described in a certain security agreement ("Security Agreement 1") executed by Fayette Aviation. (*Id*. at 4-8.)

---

[1] A more detailed description of the collateral can be found in the affidavit of Tracy O. Hatfield, vice president of PBI, in addition to the counterclaim/third-party complaint of PBI. (*See* DN 127-2 [Hatfield Aff.]; DN 6 [counterclaim/third-party complaint].)

2

- Star Lite Collateral – grant of a security interest in the collateral described in a certain security agreement ("Security Agreement 2") executed by Star Lite. (*Id*. at 8-12.)

- Mobile Home Collateral – grant of a security interest in the collateral described in a certain security agreement ("Security Agreement 3") executed by Mobile Home. (*Id*. at 12-16.)

- Sexton Collateral – grant of a security interest in collateral described in a certain pledge agreement ("Security Agreement 4") executed by Sexton; this included 1000 shares of Fayette Aviation common stock. (*Id*. at 16-17.)

- The Plane – grant of a security interest in the collateral described in a certain Department of Aviation, Federal Aviation Administration, Aircraft Security Agreement ("Security Agreement 5") executed by Fayette Aviation; this included a 1980 Rockwell Sabreliner plane. (*Id*. at 17-18.)

- Life Insurance Collateral – grant of a security interest in the collateral described in a certain assignment of a life insurance policy as collateral ("Security Agreement 6") executed by Williams. (*Id*. at 18.)

Williams, Sexton, Mobile Home, Star Lite, and Fayette Aviation have not made any payments on the Note since March 7, 2012. (DN 127-2 at 19.)

### B. Lawsuits are Filed, and Various Parties and Claims are Dismissed.

The plaintiffs in this matter were Williams; Sexton; and entities Mobile Home, Fayette Aviation, Star Lite, 3660 Realty, LLC ("3660 Realty"), Food Service of Lexington, Inc. ("Food Service"), and Georgetown Mobile Estates ("Georgetown Mobile")[2] (collectively, "plaintiffs").

On November 26, 2013, plaintiffs filed suit against defendants Porter Bancorp, Inc. ("Porter Bancorp"); PBI; Mark Delcotto ("Delcotto"); Wayne Stefanovich ("Stefanovich"); and Maria Bouvette ("Bouvette"). (DN 1.) The general basis of plaintiffs' lawsuit was allegedly illegal behavior by defendants in banking and lending practices.

On August 22, 2014, Porter Bancorp was dismissed as a defendant. (DN 31.)

On March 17, 2014, PBI filed an answer and counterclaim/third-party complaint. Specifically, PBI asserted a counterclaim against Williams, Sexton, Mobile Home, Star Lite, and Fayette Aviation. (DN 6.) PBI never specified the particular counterclaim, but sought in the demand several types of relief, including, but not limited to: (1) recovery from Williams, Sexton, Mobile Home, Star Lite, and Fayette Aviation, jointly and severally, for (a) the principal sum of $3,807,674.05, plus (b) accrued interest as of March 17, 2014 in the amount of $585,507.10 plus (c) late charges as of March 17, 2014 in the amount of $119,650.36, plus (d) interest accruing at the default rate of $651.9990 per diem from and after March 17, 2014 until paid in full; (2) a first lien on the "Real Property"[3] prior and superior to all other liens and encumbrances; and (3) a declaration of a valid and perfected interest in the Fayette Aviation Collateral, Star Lite

---

[2] On July 24, 2015, Georgetown Mobile filed a Notice of Bankruptcy (DN 66); however, on August 21, 2015, the undersigned declined to enter a stay as a result of the Notice of Bankruptcy filed by Georgetown Mobile. (*See* DN 71 at 3; *see also* DN 69 [noting that the automatic stay in bankruptcy cases acts to prevent certain actions *against* the debtor and that no rule prevented the action from proceeding against Georgetown Mobile, a plaintiff, in this instance].) Consequently, the action was not stayed with respect to Georgetown Mobile.

[3] PBI includes several tracts of real property in its definition of "Real Property." (DN 6 at 16-19, 20-24.)

Collateral, Mobile Home Collateral, Sexton Collateral, the Plane, and the Life Insurance Collateral and delivery of possession of same for purposes of liquidation. (*Id*. at 46-47.)

PBI filed a third-party complaint against the following parties, solely because they might claim an interest in the "Real Property" at issue in this action: Mitch Taylor; Sarah Taylor, AES Realty, LLC ("AES Realty"); American Tax Funding, LLC ("ATF"); FTS Realty, LLC ("FTS Realty"); Andrei Korossy ("Korossy"); Rosenbaum & Rosenbaum, P.S.C. ("Rosenbaum"); DES Realty, LLC ("DES Realty"); and Jamos Fund I, LP ("Jamos"). (*Id*. at 43-44; DN 127-1 at 2.)

While PBI described several tracts of real property in its third-party complaint (*see* DN 6 at 16-25), PBI did not state the specific tract or parcel in which each third-party defendant may claim interest. Instead, PBI stated that each of the third-party defendants may be claiming interest in the "Real Property" as follows:

> 46. The Defendant, Unknown Spouse, if any of Daniel E. Sexton, may be claiming an interest in the Real Property by virtue of marriage and is named herein as a Defendant to assert her interest or be forever barred.
>
> 47. The Defendant, Mr. Taylor, may be claiming an interest in the Real Property by virtue of his mortgage recorded in mortgage book 6480, page 420 and mortgage book 6480, page 436 and is named herein as a Defendant to assert his interest or be forever barred.
>
> 48. The Defendant, Ms. Taylor, may be claiming an interest in the Real Property by virtue of his mortgage recorded in mortgage book 6480, page 420 and mortgage book 6480, page 436 and is named herein as a Defendant to assert her interest or be forever barred.
>
> 49. The Defendant, Mr. Korossy, may be claiming an interest in the Real Property by virtue of his mortgage recorded in mortgage book 6889, page 697 and is named herein as a Defendant to assert his interest or be forever barred.
>
> 50. The Defendant, Rosenbaum & Rosenbaum, may be claiming an interest in the Real Property by virtue of its judgment lien

recorded in lien book 576, page 278 and is named herein as a Defendant to assert his interest or be forever barred.

51. The Defendant, AES, may be claiming an interest in the Real Property by virtue of its deed recorded in deed book 2947, page 362 and is named herein as a Defendant to assert his interest or be forever barred.

52. The Defendant, FTS, may be claiming an interest in the Real Property by virtue of its deed recorded in deed book 2947, page 366 and is named herein as a Defendant to assert his interest or be forever barred.

53. The Defendant, ATF, may be claiming an interest in the Real Property by virtue of unpaid taxes for the years 2003, 2004 and 2011 and is named herein as a Defendant to assert his interest or be forever barred.

54. The Defendant, DES, may be claiming an interest in the Real Property by virtue of its deed recorded in deed book 281, page 271 and is named herein as a Defendant to assert his interest or be forever barred.

55. The Defendant, Jamos, may be claiming an interest in the Real Property by virtue of unpaid taxes for the years 2004 and 2011 and is named herein as a Defendant to assert its interest or be forever barred.

(*Id*. at 43-44.) As explained in more detail below, these third-party defendants and their potential interest in the "Real Property" at issue are the focus of the Court's discussion.

On May 22, 2014, third-party defendant Korossy filed an answer, counterclaim against PBI, and a cross-claim against "all of the other parties herein claiming any right, title and/or interest in and to the property [at issue] . . . ." (DN 27 at 2.)

Additionally, on May 22, 2014, third-party defendant ATF filed an answer and disclaimer of interest in which it "affirmatively state[d] that it disclaim[ed] any interest in the property

which is the subject matter of this dispute"; ATF therefore requested that it be dismissed from this action. (DN 28 at 1.)

Similarly, on June 6, 2014, third-party defendant Jamos filed an answer and disclaimer of interest in which it "disclaim[ed] any interest in the subject property it may have had by virtue of purchasing the Certificates of Delinquency." (DN 29 at 2.)

On January 24, 2017, PBI filed a Motion for Summary Judgment (DN 127) seeking summary judgment on all its claims, appointment of an auctioneer, and order of sale. (*Id.* at 2; DN 127-1 at 26-27 [seeking judgment and order of sale granting PBI's claims and dismissing claims of plaintiffs with prejudice].) More specifically, due to their failure to make payment, PBI sought to "enforce the promissory notes, mortgages, assignment of rents and security agreements executed by" Williams, Sexton, Mobile Home, Star Lite, and Fayette Aviation. (DN 127-1 at 3.) Notably, although PBI moved for summary judgment on all its claims, it did not specifically address its claim against the third-party defendants other than to state, "The third[-]party defendants were named as third-party defendants in the case solely because of their interest in the property that is subject to counterclaim foreclosure." (DN 127-1 at 2.)

On March 17, 2017, all claims by and against third-party defendants Korossy and Rosenbaum were dismissed. (DN 135; DN 140.)

On September 8, 2017, District Judge David J. Hale adopted, in full, the undersigned's report and recommendation to sanction plaintiffs. (DN 157 at 1.) As a result, all of plaintiffs' claims were dismissed, and PBI was granted default judgment on its counterclaim against Williams, Sexton, Mobile Home, Star Lite, and Fayette Aviation. (DN 134 [report and recommendation of dismissal]; DN 157 [order]; DN 158 [judgment].) Specifically, the

judgment stated that "PBI shall have and recover from Plaintiffs/Counter Defendants Jonathan C. Williams; Daniel E. Sexton; Mobile Home Sales of Central Kentucky, LLC; Fayette Aviation, Inc.; and Star Lite Development, LLC, jointly and severally: (a) the principal sum of $3,807,674.05, plus (b) accrued interest as of March 17, 2014 in the amount of $585,507.10, plus (c) late charges as of March 17, 2014 in the amount of $119,650.36, plus (d) interest accruing at the default rate of $651.9990 per diem from and after March 17, 2014 until paid in full." (DN 158.)

As a result of the September 8, 2017 order and judgment, it appears that the only parties and claim remaining in this action – and to which the Motion for Summary Judgment seemingly apply – are PBI, as a third-party plaintiff, against third-party defendants Mitch Taylor, Sarah Taylor, AES Realty, ATF, FTS Realty, DES Realty, and Jamos (collectively, "remaining third-party defendants"). As noted above, all claims by and against third-party defendants Korossy and Rosenbaum were dismissed.

## II. CONCLUSIONS OF LAW

### A. Standard of Review

Summary judgment is appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, the Court must view all facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (citation omitted); *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).

The moving party may meet its burden by demonstrating the absence of evidence concerning an essential element of the non-movant's claim on which he will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the moving party satisfies its burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec.*, 475 U.S. at 586. The non-moving party must show sufficient evidence on which the jury could reasonably find for the non-moving party. *Dominguez*, 555 F.3d at 549. The "non-moving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001).

### B. Remaining Third-Party Defendants

#### 1. ATF and Jamos

As evidenced by their answers, it is undisputed that ATF and Jamos have disclaimed any interest in the real property at issue. Therefore, there is no genuine issue as to material fact, namely any asserted interest by ATF and Jamos in the real property at issue. Consequently, the undersigned will recommend that that PBI be granted summary judgment on its claim against ATF and Jamos.

#### 2. Mitch Taylor, Sarah Taylor, AES Realty, FTS Realty, and DES Realty

According to the docket, Mitch Taylor, Sarah Taylor, AES Realty, FTS Realty, and DES Realty, were served with a summons and copy of the third-party complaint. (*See* DN 20 at 2 [executed summons for Mitch Taylor]; DN 22 at 2 [executed summons for Sarah Taylor]; DN 24 at 2 [executed summons for AES Realty]; DN 23 at 2 [executed summons for FTS Realty]; DN

25 at 2 [executed summons for DES Realty].) It does not appear that any of them filed an answer to the third-party complaint.

Furthermore, it does not appear that any counsel ever made an appearance on behalf of Mitch Taylor, Sarah Taylor, or AES Realty. Although not currently represented by counsel, at different points in the litigation counsel entered an appearance on behalf of FTS Realty and DES Realty.[4]

Rule 55 of the Federal Rules of Civil Procedure provides the mechanism by which a party may seek a default judgment against another party that has failed to plead or otherwise defend an action. First, entry of default is entered by the clerk. Second, unless a sum certain is at issue, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Because it does not appear that Mitch Taylor, Sarah Taylor, AES Realty, FTS Realty, and DES Realty answered the third-party complaint, the undersigned finds that the proper procedure to seek judgment against them is via Rule 55. PBI has not provided any authority for the Court to convert a motion for summary judgment into a motion for default judgment.[5] Therefore, the undersigned will recommend that the Motion for Summary Judgment be denied with respect to Mitch Taylor, Sarah Taylor, AES Realty, FTS Realty, and DES Realty.

### C.     Request for Order of Sale and Appointment of Auctioneer

PBI includes in its Motion for Summary Judgment a request for an order of sale of the various collateral used to secure the Note. PBI provides no legal support for the Court's

---

[4] On September 23, 2015, counsel Michael W. McClain entered an appearance on behalf of FTS Realty and DES Realty, among others. (DN 74 at 1.) McClain later withdrew as counsel of record. (DN 99 at 3.) On July 15, 2016, counsel Kenneth J. Henry entered an appearance on behalf of FTS Realty and DES Realty, among others. (DN 108 at 1.) Henry later withdrew as counsel of record. (DN 117 at 2.)

[5] And even if there is authority, an entry of default has not been made by the clerk.

authority to enter an order of sale on the various types of collateral used to secure the Note. Additionally, it is unclear whether this is the proper venue through which PBI may initiate foreclosure proceedings and request an order of sale and appointment of auctioneer; this issue was not addressed by PBI either.  Consequently, the undersigned will recommend that the request for order of sale and appointment of auctioneer be denied without prejudice.

## III.   RECOMMENDATION

For these reasons, the undersigned RECOMMENDS that the Motion for Summary Judgment (DN 127) be GRANTED insofar as it seeks summary judgment against ATF and Jamos.

The undersigned FURTHER RECOMMENDS that the Motion for Summary Judgment be DENIED with respect to Mitch Taylor, Sarah Taylor, AES Realty, FTS Realty, and DES Realty.

The undersigned FURTHER RECOMMENDS that in all other regards, the Motion for Summary Judgment be DENIED AS MOOT.

The undersigned FURTHER RECOMMENDS that the request for order of sale and appointment of auctioneer contained in the Motion for Summary Judgment be DENIED WITHOUT PREJUDICE.

cc:  Counsel of record
     Pro se parties

11

## **Notice**

Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), the undersigned Magistrate Judge hereby files with the Court the instant findings and recommendations. A copy shall forthwith be electronically transmitted or mailed to all parties. 28 U.S.C. § 636(b)(1)(C). Within fourteen (14) days after being served, any party may serve and file specific written objections to these findings and recommendations. *Id.*; Fed. R. Civ. P. 72(b)(2). Failure to file and serve objections to these findings and recommendations constitutes a waiver of a party's right to appeal. *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections. Fed. R. Civ. P. 72(b)(2).