UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JONATHAN C. WILLIAMS, et al.,                                                          Plaintiffs,

v.                                                      Civil Action No. 3:13-cv-1166-DJH-CHL

PBI BANK, INC., et al.,                                                            Defendants.

\* \* \* \* \*

## ORDER

This case arises from a promissory note in which Plaintiffs promised to repay Defendant PBI Bank, Inc. for a $5.25 million loan. (*See* Docket No. 6-1) Plaintiffs sued Defendants for allegedly illegal banking and lending practices. (D.N. 1) PBI Bank counterclaimed for unpaid principal, interest, and late fees under the note. (D.N. 6) PBI Bank also filed a third-party complaint against other parties believed to have an interest in the collateral that secured the note. (*Id.*) On September 8, 2017, the Court dismissed all claims asserted by Plaintiffs and entered judgment in favor of PBI Bank with respect to its counterclaim against Plaintiffs. (D.N. 157; D.N. 158) Thus, only PBI Bank's third-party claims remain.

**I.    PBI Bank's Motion for Summary Judgment**

Prior to the Court's order disposing of the counterclaim, PBI Bank filed a motion for summary judgment on all of its claims. (D.N. 127) In its supporting memorandum, PBI Bank states that the third-party defendants were named "solely because of their interest in the property that is subject to counterclaim foreclosure." (D.N. 127-1, PageID # 687) No party responded to the summary-judgment motion. The Court referred the motion to United States Magistrate Judge Colin H. Lindsay for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (D.N. 157)

Judge Lindsay issued his Findings of Fact, Conclusions of Law, and Recommendation on October 11, 2017. (D.N. 162) He concluded that there was no genuine issue of material fact as to the claims against third-party defendants American Tax Funding, LLC and Jamos Fund I, LP, because they both disclaimed any interest in the property at issue. (*Id.*, PageID # 1084) Further, Judge Lindsay found that the proper procedure for seeking judgment against third-party defendants Mitch Taylor; Sarah Taylor; AES Realty, LLC; FTS Realty, LLC; and DES Realty, LLC was via Federal Rule of Civil Procedure 55, because none of those third-party defendants answered the third-party complaint. (*Id.*, PageID # 1085) Finally, Judge Lindsay noted that PBI Bank provided no legal support for its request for an order of sale of the various collateral. (*Id.*, PageID # 1085-86) Judge Lindsay therefore recommended that the Court grant PBI Bank's motion insofar as it seeks summary judgment against American Tax Funding and Jamos Fund I; deny the motion with respect to Mitch Taylor, Sarah Taylor, AES Realty, FTS Realty, and DES Realty; deny the motion as moot in all other regards; and deny without prejudice the request for order of sale and appointment of auctioneer. (*Id.*, PageID # 1086)

No party objected to the report and recommendation. The Court need not even review a magistrate judge's findings when no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150-52 (1985). Nevertheless, the Court has reviewed the record and agrees with Judge Lindsay's recommendation that (1) summary judgment should be granted against American Tax Funding and Jamos Fund I; (2) summary judgment should be denied with respect to Mitch Taylor and Sarah Taylor; and (3) PBI Bank's request for an order of sale and appointment of an auctioneer should be denied without prejudice. However, the Court will deviate from Judge Lindsay's recommendation as to the claims against AES Realty, FTS Realty, and DES Realty.

The report and recommendation states that "it does not appear that Mitch Taylor, Sarah Taylor, AES Realty, FTS Realty, and DES Realty answered the third-party complaint." (D.N.

2

162, PageID # 1085) The Court similarly finds that Mitch Taylor and Sarah Taylor never answered the third-party complaint and that Rule 55 is thus the proper procedure for seeking judgment against them. But the Court's review of the record reveals that AES Realty, FTS Realty, and DES Realty responded to the third-party complaint. (*See* D.N. 10) Therefore, Rule 55 is not the proper procedure for seeking judgment against them. However, the Court finds that summary judgment should be granted against FTS Realty and DES Realty, because in their answer to the third-party complaint, they both denied that they have an interest in the real property at issue. (*See* D.N. 6, PageID # 73-74; D.N. 10, PageID # 268-69) AES Realty, on the other hand, admitted that it may be claiming an interest in the real property at issue. (*See* D.N. 6, PageID # 73; D.N. 10, PageID # 268)

PBI Bank has pointed to evidence in the record that it recorded mortgages on real property in Fayette County, Kentucky, and Bourbon County, Kentucky, as security for payment of the note. (*See* D.N. 127-1, PageID # 688-89; D.N. 127-2, PageID # 715-16; D.N. 6-2; D.N. 6-4) AES Realty merely admitted in its answer that it might be claiming an interest in real property by virtue of a recorded deed. (*See* D.N. 6, PageID # 73; D.N. 10, PageID # 268) But it failed to present proof of its claimed interest, in the form of a recorded deed or otherwise. As noted, it has also failed to object to the report and recommendation. The Court will therefore grant summary judgment against AES Realty as well. *See Hutchison v. C.I.T. Corp.*, 576 F. Supp. 1, 3 (W.D. Ky. 1982) (concluding that Kentucky law compels a finding that recorded security interests are superior to unrecorded security interests); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) (explaining that the nonmoving party "may not rest upon mere allegation or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial").

## II. PBI Bank's Motion to Refer the Case to a Magistrate Judge for Final Disposition

PBI Bank has also filed a motion to refer all matters in this case (including dispositive motions) to Magistrate Judge Lindsay. (D.N. 151) In support, PBI Bank asserts that all parties have impliedly consented to have a magistrate judge decide all matters in the case. (*Id.*, PageID # 1059-60)

"Upon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specifically designated to exercise such jurisdiction by the district court or courts he serves." 28 U.S.C. § 636(c)(1). "[I]mplied consent to a magistrate judge's exercise of jurisdiction may be accepted where the litigant voluntarily appeared before the magistrate judge after notice that consent was required and could be refused." *Brown v. AmSouth Bank*, No. 15-5468, 2016 WL 4271874, at *3 (6th Cir. Mar. 23, 2016); *see also Roell v. Withrow*, 538 U.S. 580, 590-91 (2003) (recognizing implied consent where "the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared . . . before the Magistrate Judge").

In both *Roell* and *Brown*, however, the parties consented to have a magistrate judge preside over the entire case. *See* 538 U.S. at 582-83; 2016 WL 4271874, at *3. Both cases proceeded in front of a magistrate judge all the way to final judgment. *See Roell*, 538 U.S. at 583; *Brown*, 2016 WL 4271874, at *3. PBI Bank argues that consent to magistrate-judge jurisdiction should be implied in this case because the parties have participated in this matter with Judge Lindsay serving as magistrate judge, with no party raising any objection to him hearing any pending motion or ruling on any matter. (D.N. 151, PageID # 1059-60) But the case was referred to Judge Lindsay for resolution of non-dispositive matters only, with

4

occasional referrals of specific dispositive matters for report and recommendation. (D.N. 54; D.N. 157) The parties' acquiescence to those limited referrals does not amount to implied consent to have the entire case referred to a magistrate judge for final disposition. *Cf. Roell*, 538 U.S. at 583-84, 591 (finding implied consent where parties proceeded in front of magistrate judge all the way through trial). For this reason, the Court concludes that all parties have not consented to magistrate-judge jurisdiction at this time.

### III. CONCLUSION

For the reasons explained above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) The Findings of Fact, Conclusions of Law, and Recommendation of Magistrate Judge Colin H. Lindsay (D.N. 162) are **ADOPTED** in part and **INCORPORATED** by reference herein to the extent set forth above.

(2) PBI Bank, Inc.'s motion for summary judgment (D.N. 127) is **GRANTED** as to PBI Bank, Inc.'s third-party claims against American Tax Funding, LLC; Jamos Fund I, LP; FTS Realty, LLC; DES Realty, LLC; and AES Realty, LLC. The motion is **DENIED** with respect to PBI Bank, Inc.'s claims against third-party defendants Mitch Taylor and Sarah Taylor. PBI Bank, Inc. may move for entry of default and default judgment against Mitch Taylor and Sarah Taylor within **thirty (30) days** of the date of entry of this Order.

(3) PBI Bank, Inc.'s motion for summary judgment is **DENIED** as moot in all other respects.

(4) PBI Bank, Inc.'s motion to refer the case to a magistrate judge for final disposition is **DENIED**.

November 21, 2017

**David J. Hale, Judge**
**United States District Court**